Dewald v Dewald (2025 NY Slip Op 00189)

Dewald v Dewald

2025 NY Slip Op 00189

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 365136/23 Appeal No. 3394-3394A M-06234 Case No. 2024-02344 

[*1]Kristina Y. Dewald, Plaintiff-Respondent,
v
Jerome W. Dewald, Defendant-Appellant.

Jerome W. Dewald, appellant pro se.
Wisselman Harounian Family Law, Carle Place (Lloyd C. Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered April 12, 2024, which denied defendant husband's motion to transfer the determination of the spousal support issue to Family Court and ordered him to discontinue without prejudice his pending Family Court action, unanimously affirmed, without costs.
Amended order, same court and Justice, entered April 12, 2024, which, to the extent appealed from as limited by the briefs, granted, in part, the husband's motion for pendente lite spousal maintenance to the extent of awarding him $750 per month for a 12-month period, retroactive to January 5, 2024, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the husband's request to bifurcate the proceedings and allow him to litigate the issue of spousal support in Family Court. Bifurcation of matrimonial actions is generally disfavored because it raises the "possibilities of economic coercion, two protracted proceedings, or delay in resolving the financial issues" (Costin v Costin, 225 AD2d 575, 575 [2d Dept 1996]). Here, the only reason the husband provided to support separate proceedings was his unfounded belief that the Family Court proceeding would result in a quicker resolution. This purported reason does not justify bifurcation and could lead to inconsistent orders, as Supreme Court has the authority to decide issues of equitable distribution.
There is no basis for disturbing the court's award of temporary maintenance, as the court correctly applied the formula set forth in Domestic Relation Law § 236(B)(5-a) (see Khaira v Khaira, 93 AD3d 194, 197 [1st Dept 2012]). The court considered the statutory factors and found that the statutory presumptive or guideline amount of temporary maintenance of $2,400 per month was "unjust or inappropriate" (Domestic Relations Law § 236[B][5-a][h][1]). The court set forth the amount of the unadjusted presumptive award, the factors it considered, and the reasons that it adjusted the presumptive award. There are no exigent circumstances present. The husband's remedy for any perceived inequities in the pendente lite award is a speedy trial (see Kohli v Tewari, 216 AD3d 512, 513 [1st Dept 2023]; Torres v Torres, 171 AD3d 613, 614 [1st
Dept 2019]).
We have considered the husband's remaining arguments and find them unavailing.
M-06234 — Dewald v Dewald
Motion for stay of trial, denied. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025